IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE RUGGIERO, et al. : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | No. 09-1479 |
| : | |
| K BANK, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                    **JUNE 17, 2009**

Presently before the Court is the Motion of Defendants K Bank ("K Bank") and K Capital Corporation ("K Capital") to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion is granted.

**I.     FACTS**

Plaintiff Joanne Ruggiero ("Ruggiero") is an adult individual who resides at 39687 Seaside Avenue, Bethany Beach, Delaware. Plaintiff Holly Setzler ("Setzler") is an adult individual who resides at 21 Red Rock Lane, Chester Springs, Pennsylvania. Ruggiero is the wife of Joseph J. Ruggiero, and Setzler is the wife of Joseph L. Ippolito. The Plaintiffs' husbands, Joseph Ruggiero and Joseph Ippolito, along with a third individual, Alfio J. Tropea, are the indirect owners of Ruggiero Development Group, LLC, a Pennsylvania limited liability company in the business of developing land upon which to build and sell residential homes. Ruggiero Development Group, LLC is the sole member of The Retreat at Love Creek, LLC, a Pennsylvania limited liability company. Joseph Ruggiero, Joseph Ippolito, and Alfio Tropea are

the sole members of The Retreat at Love Creek, LLC.

In 2003, Ruggiero Development Group, LLC entered into an agreement to purchase parcels of land in the state of Delaware with the intention of developing the land and constructing residential homes on it. The agreement of sale was later transferred to The Retreat at Love Creek, LLC. The Retreat at Love Creek, LLC then applied to K Bank and K Capital for financing to acquire, develop, and construct homes on the property.

On December 3, 2004, K Capital extended a loan in the amount of $630,000.00 to The Retreat at Love Creek, LLC, requiring that Ruggiero and Setzler guarantee the loan and remain personally liable for it. This loan is evidenced by a promissory note dated December 3, 2004. On or about the same day, K Bank extended a loan in the amount of $5,600,000.00 to The Retreat at Love Creek, LLC, and again required Ruggiero and Setzler to join and remain personally liable for the loan. This loan is also evidenced by a promissory note dated December 3, 2004.

On April 6, 2009, Plaintiffs filed a two-count Complaint against K Bank and K Capital. The Complaint alleges that the banks violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691,[1] along with Regulation B set forth by the Board of Governors of the Federal

---

[1] The ECOA makes it unlawful to discriminate against an applicant on the basis of sex or marital status. The statute reads:

> (a) Activities constituting discrimination
>
> 1. It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
>
>> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract).

15 U.S.C. § 1691(a)(1).

Reserve System to implement the ECOA, 12 C.F.R. § 202.1 ("Reg B").[2]  Plaintiffs allege that the Defendants violated the ECOA by requiring them to sign guaranties for their husbands' loans, despite the fact that their husbands were credit-worthy on their own.  Count I seeks monetary damages for violations of the Act.  Count II seeks declaratory relief and an injunction enjoining the banks from taking action to enforce the guarantees against the Plaintiffs.  On May 20, 2009, K Bank and K Capital filed a Motion to Dismiss Plaintiffs' Complaint on the grounds that the statute of limitations had run on Plaintiffs' claims, and the Complaint was untimely.  On June 2, 2009, Plaintiffs filed their Response to the Motion to Dismiss, arguing that the statute of limitations defense cannot be raised in a Rule 12(b)(6) motion, that Plaintiffs' cause of action is not time-barred because the claim did not accrue until Plaintiffs learned of the injury at some later point in time, and that the statute of limitations was tolled because Defendants misled Plaintiffs with respect to their rights.  We address these contentions below.

## II.     STANDARD OF REVIEW

In considering a motion to dismiss, all allegations in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party.  Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted).  Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss

---

[2] The Board of Governors promulgated Regulation B as a means of enforcing the provisions of the ECOA. With respect to the statute of limitations, the Regulation provides as follows:

> (2) As provided in section 706(f), a civil action under the Act or this regulation may be brought in the appropriate United States district court without regard to the amount in controversy or in any other court of competent jurisdiction within two years after the date of the occurrence of the violation, or within one year after the commencement of an administrative enforcement proceeding or of a civil action brought by the Attorney General of the United States within two years after the alleged violation.

12 C.F.R. § 202.16(b)(2).

pursuant to Rule 12(b)(6).  See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n.4 (3d Cir. 2002).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

### III.   DISCUSSION

Plaintiffs first contend that the Motion to Dismiss should be denied on the grounds that the statute of limitations defense cannot be raised by a Rule 12(b)(6) motion, but instead, must be raised in the answer to the complaint.  Under Federal Rule of Civil Procedure 8(c), affirmative defenses, such as the statute of limitations defense, should be raised in the answer.  Rule 8(c) provides:

> **Affirmative Defenses**.  **(1) *In General***.  In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations.

Fed. R. Civ. P. 8(c).  While Rule 12(b)(6) allows some defenses to be presented by motion, the statute of limitations is not one such defense.  See Fed. R. Civ. P. 12(b)(6).  The purpose of requiring a defendant to raise affirmative defenses in the answer is to provide the plaintiff with the earliest possible notice that the defendant intends to raise the defense, and to give the plaintiff the opportunity to rebut it.  Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002) (citing Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971)).  Nonetheless, "the law of this circuit (the so-called 'Third-Circuit Rule') permits a limitations defense to be raised by a Rule 12(b)(6) motion, only where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  Robinson, 313 F.3d

at 135 (citing Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975); Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978)). Therefore, a statute of limitations defense does not necessarily have to be raised in the defendant's answer. Robinson, 313 F.3d at 135. Rather, consistent with the purpose of Rule 8(c), it must be raised at the earliest practicable moment. Id. at 135-37.

In the instant matter, K Bank and K Capital responded to the filing of Plaintiffs' Complaint by filing a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). It was, therefore, appropriate for K Bank and K Capital to raise the limitations defense in its Rule 12(b)(6) Motion, as this was the earliest possible opportunity the Defendants had in which to advance the argument. See id.; Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987); Banks v. Chesapeake & Potomac Tel. Co., 802 F.2d 1416, 1427 (D.C. Cir. 1986). Thus, by raising the defense in the Motion, the Defendants provided the Plaintiffs with the earliest possible notice that they intended to argue the statute of limitations defense.

Additionally, we find that Plaintiffs' failure to comply with the statute of limitations was apparent on the face of the Complaint. See Robinson, 313 F.3d at 135. Plaintiffs' claims are premised upon violations of the ECOA. Congress has imposed a two-year statute of limitations for actions brought pursuant to the ECOA. The statute of limitations provision is found at 15 U.S.C. § 1691(e)f, and reads as follows:

> (f) Jurisdiction of courts; time for maintenance of action; exceptions
>
> 1. Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation, except that-

> **(1)** whenever any agency having responsibility for administrative enforcement under section 1691c of this title commences an enforcement proceeding within two years from the date of the occurrence of the violation,
>
> **(2)** whenever the Attorney General commences a civil action under this section within two years from the date of the occurrence of the violation, then any applicant who has been a victim of the discrimination which is the subject of such proceeding or civil action may bring an action under this section not later than one year after the commencement of that proceeding or action.

15 U.S.C. § 1691(e)f.  As none of the exceptions extending the two-year limitations period apply to Plaintiffs, the Complaint must have been filed within two years of the occurrence of the violation in order to be timely.  The statute of limitations begins to run on the date that the plaintiff's claim accrues.  See CGB Occupational Therapy, Inc. v. RHA Health Serv., Inc., 357 F.3d 375, 383 (3d Cir. 2004).  Defendants assert that the Plaintiffs' claim accrued on December 3, 2004, the date that Plaintiffs allege Defendants required them to guaranty their husbands' business loans in violation of the ECOA.  In Defendants' view, Plaintiffs had until December 6, 2006 within which to file their Complaint.  Thus, as the Complaint was not filed until April 6, 2009, Defendants assert that the Complaint is time-barred.  In response to the Defendants' argument that the Complaint was untimely, Plaintiffs assert that because they did not discover the violation until some point after the signing of the guarantees, this Court should apply the discovery rule and find that the statute did not begin to run until some later point in time.

Nonetheless, we agree that the Complaint was not timely filed.  Cases considering when the statute of limitations begins to run on ECOA claims arising from the same scenario as that

presented here have almost unanimously found that the statute begins to run on the date that the wife guarantees the loan for the husband.  See Roseman v. Premier Fin. Serv.-East, No. 96-4669, 1997 WL 570919, at *3 (E.D. Pa. Sept. 3, 1997); Sony Elec., Inc. v. Putnam, 906 F. Supp. 228, 229 (D.N.J. 1995); Riggs Nat'l Bank of Wash., D.C. v. Webster, 832 F. Supp. 147, 151 (D. Md. 1993); Silverman v. Eastrich Multiple Investor Fund, L.P., 857 F. Supp. 447, 452 (E.D. Pa. 1994), rev'd on other grounds, 51 F.3d 28 (3d Cir. 1995).  In Silverman, a wife filed an ECOA claim against a creditor based upon allegations that the bank required her to guarantee a loan made to her husband and her husband's company.  857 F. Supp. at 449.  In considering whether the wife's complaint had been timely filed, this Court determined that the complaint was barred by the two-year statute of limitations under the ECOA where the complaint was filed more than two years after she signed the guarantee.  Id. at 452.  As noted above, courts in other jurisdictions considering the issue have come to the same conclusion.  As such, we find that the Plaintiffs' claim began to run on December 3, 2004, the date on which they signed the guarantees for their husbands' business loans.  As their Complaint was not filed until April 6, 2009, the Complaint is barred by the applicable statute of limitations.  See 15 U.S.C. § 1691(e)f.

Lastly, Plaintiffs assert that the statute of limitations was tolled because the Defendants misled them regarding their rights.  There are three situations wherein the doctrine of equitable tolling may operate to stop the running of the statute of limitations: 1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights in the wrong forum.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1381, 1387 (3d Cir. 1994).  In support of their contention that the

Defendants have misled them, the Plaintiffs list several facts tending to show that K Bank and K Capital led them to believe that they had the legal authority to require Plaintiffs to guarantee their husbands' loans and to condition the extension of credit upon the Plaintiffs' guarantees. While these assertions tend to show that the banks misled the Plaintiffs with regard to their authority in issuing the loans, this evidence does not suggest that the banks misled the Plaintiffs with respect to the filing of this suit or with respect to Plaintiffs' cause of action under the ECOA. The facts that Plaintiffs set forth form the basis of their underlying ECOA claim. These facts do not bear on the question of whether the statute should be tolled. Because Plaintiffs have failed to produce evidence that K Bank and/or K Capital misled them with respect to the filing of the instant suit before this Court, the statute will not be tolled.

  An appropriate Order follows.

_____
_____